UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CORY SMITH, and ) | |
| JENNIFER NICOLE SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.  5:21-cv-671 |
| ) | |
| ) | |
| TLRA DEBT RECOVERY, also known as, ) | |
| CHRISTUS HEALTH, also known as, TLRA, ) | |
| also known as, SISTERS OF CHARITY OF ) | |
| THE INCARNATE WORD, also known as, ) | |
| TEXAS-LOUISIANA RECOVERY ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' COMPLAINT

Plaintiffs, CORY SMITH and JENNIFER NICOLE SMITH ("Cory" and "Jennifer" respectively and "Plaintiffs" collectively), by and through their attorneys, Agruss Law Firm, LLC, allege the following against Defendant, TLRA DEBT RECOVERY, also known as, CHRISTUS HEALTH, also known as, TLRA, also known as, SISTERS OF CHARITY OF THE INCARNATE WORD, also known as, TEXAS-LOUISIANA RECOVERY ASSOCIATION ("Defendant").

### INTRODUCTION

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiffs' Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").

3. Count III of Plaintiffs' Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. § 392, et seq. ("TDCA").

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

5. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

6. This court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

8. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

9. Plaintiffs are natural persons residing in the Town of Adkins, Wilson County, State of Texas.

10. Each Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

11. Each Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

12. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

13. Defendant is a third-party debt collector as that term is defined by the TDCA.

14. Each Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

15. Defendant is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

16. Within the last year, Defendant attempted to collect a consumer debt from Plaintiffs.

17. Defendant is a collection agency based in the City of Houston, Harris County, State of Texas.

18. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

19. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

20. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

21. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

22. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

23. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

24. Defendant is attempting to collect a consumer debt from Plaintiffs, allegedly owed by Plaintiffs arising from a medical debt.

25. Plaintiffs' alleged debt owed arises from transactions for personal, family, or household

purposes.

26. Defendant calls Cory on his cellular telephone at 210-508-7124, in an attempt to collect the alleged debt.

27. Defendant calls Jennifer on her cellular telephone at 210-552-2838, in an attempt to collect the alleged debt.

28. Defendant calls Plaintiffs from several numbers, including 844-936-6008, which is one of Defendant's telephone numbers.

29. In or around late-July and early-August 2020, on several occasions, Cory spoke to Defendant's collectors on the telephone and corresponded by email.

30. Cory spoke or emailed with several of Defendant's collectors, including Amber Hamilton, Nakil May, and Mr. Simon.

31. The subject of the above-referenced communications was for Plaintiffs and Defendant to reach a settlement agreement and payment plan for payment of the alleged debt.

32. Defendant's collectors contradicted each other in their communications with Cory with regard to what would be acceptable terms for Plaintiffs' payment of the alleged debt.

33. The above-referenced communications took place during the height of the COVID-19 pandemic.

34. During the above-referenced communications, Cory explained to Defendant's collectors that Plaintiffs' ability to pay the alleged debt was impacted by the COVID-19 pandemic.

35. Defendant's collectors were not sympathetic to Plaintiffs' financial situation.

36. In the end, Defendant refused to accept reasonable payment arrangements of the alleged debt offered by Cory.

37. During the above-referenced communications, Cory also requested that Defendant no

longer call Plaintiffs and communicate with Plaintiffs via email instead.

38. Despite Cory's request that Defendants stop calling Plaintiffs, Defendant continued to call Plaintiffs unabated.

39. In its communications with Plaintiffs, Defendant failed to disclose that its communications with Plaintiffs were made in an attempt to collect a debt.

40. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiffs.

41. The natural consequences of Defendant's statements and actions was to cause Plaintiffs mental distress.

42. The natural consequences of Defendant's actions were to unjustly condemn and vilify Plaintiffs for their non-payment of the alleged debt—despite Plaintiffs' reasonable efforts to reach a settlement agreement with Defendant regarding payment of the alleged debt.

43. Prior to calling Plaintiffs' cellular telephones, Defendant knew the number was a cellular telephone number.

44. Defendant has never had Plaintiffs' prior express consent to call Plaintiffs' cellular telephones with an automatic telephone dialing system ("ATDS").

45. Defendant has never had Plaintiffs' prior express consent to call Plaintiffs' cellular telephones using a pre-recorded or artificial voice.

46. Even if Defendant somehow had Plaintiffs' consent to make such calls to Plaintiffs, such consent was revoked as described above.

47. Defendant continued to call Plaintiffs' cellular telephones after Defendant knew Plaintiffs wanted the calls to stop.

48. When Plaintiffs answered Defendant's calls, they were greeted with a message spoken by

a prerecorded or artificial voice.

49. Defendant also left voicemail messages for Plaintiffs spoken by a prerecorded or artificial voice.

50. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to store telephone numbers.

51. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call stored telephone numbers automatically.

52. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call stored telephone numbers without human intervention.

53. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call telephone numbers in sequential order.

54. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call telephone numbers randomly.

55. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones simultaneously calls multiple consumers.

56. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

57. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiffs' cellular telephone without prior express consent, and/or revocation of such consent, Defendant caused Plaintiffs harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

  a. Invading Plaintiffs' privacy;
  b. Electronically intruding upon Plaintiffs' seclusion;
  c. Intrusion into Plaintiffs' use and enjoyment of their cellular telephones;
  d. Impermissibly occupying minutes, data, availability to answer another call, and

various other intangible rights that Plaintiffs have as to complete ownership and use of their cellular telephones; and

e. Causing Plaintiffs to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

58. Defendant violated the FDCPA based on the following:

a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant continued to place collection calls to Plaintiffs even after Plaintiffs requested that Defendant stop calling them;

b. Defendant further violated § 1692d of the FDCPA refusing Plaintiffs' reasonable proposal to pay the alleged debt—yet still continued to call Plaintiffs for payment of the alleged debt;

c. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to place collection calls to Plaintiffs even after Plaintiffs requested that Defendant stop calling them;

d. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant's collectors made contradictory representations to Plaintiffs with regard to what would be acceptable terms for Plaintiffs' payment of the alleged debt;

e. Defendant further violated § 1692e of the FDCPA when Defendant created the

    false impression on Plaintiffs that Defendant was permitted by law to continue to call Plaintiffs with impunity despite Defendant being told to stop calling Plaintiffs;

  f. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount or legal status of any debt when Defendant's collectors made contradictory representations to Plaintiffs with regard to what would be acceptable terms for Plaintiffs' payment of the alleged debt;

  g. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in the other violations of the subsections of § 1692e alleged herein;

  h. Defendant violated § 1692e(11) of the FDCPA when Defendant's collectors communicated with Plaintiffs and did not state that the communications were an attempt to collect a debt; and

  i. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt when Defendant engaged in all the misconduct alleged herein.

WHEREFORE, Plaintiffs, CORY SMITH and JENNIFER NICOLE SMITH, respectfully request judgment be entered against Defendant, TLRA DEBT RECOVERY, also known as, CHRISTUS HEALTH, also known as, TLRA, also known as, SISTERS OF CHARITY OF THE INCARNATE WORD, also known as, TEXAS-LOUISIANA RECOVERY ASSOCIATION, for the following:

  a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 § U.S.C. 1692k;

   b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

   c. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

59. Plaintiff repeats and realleges paragraphs 1-57 of Plaintiffs' Complaint as the allegations in Count II of Plaintiffs' Complaint.

60. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiffs' cellular telephoneS using an automatic telephone dialing system and/or pre-recorded or artificial voice, without prior express consent, and/or after revocation of such consent, in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiffs, CORY SMITH and JENNIFER NICOLE SMITH, respectfully request judgment be entered against Defendant, TLRA DEBT RECOVERY, also known as, CHRISTUS HEALTH, also known as, TLRA, also known as, SISTERS OF CHARITY OF THEINCARNATE WORD, also known as, TEXAS-LOUISIANA RECOVERY ASSOCIATION for the following:

   a. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), each Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

   b. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), each Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

    c. Plaintiffs are entitled to and seek injunctive relief prohibiting such conduct in the future.

    d. Any other relief that this Honorable Court deems appropriate.

## COUNT III:
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

61. Plaintiff repeats and realleges paragraphs 1-57 of Plaintiffs' Complaint as the allegations in Count III of Plaintiffs' Complaint.

62. Defendant violated the TDCA based on the following:

    a. Defendant violated Tex. Fin. Code § 392.302(4) by oppressing, harassing, or abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number when Defendant called Plaintiffs after Plaintiffs requested that Defendant stop calling them;

    b. Defendant violated Tex. Fin. Code § 392.304(5)(A) by in the case of a third-party debt collector, failing to disclose, except in a formal pleading made in connection with a legal action that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose when Defendant's collectors communicated with Plaintiffs and did not state that the communications were an attempt to collect a debt;

    c. Defendant violated Tex. Fin. Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding when Defendant's collectors made contradictory representations to Plaintiffs with regard to what would be acceptable terms for Plaintiffs' payment of the alleged debt;

    d.  Defendant violated Tex. Fin. Code § 392.304(19) by using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer when Defendant's collectors made contradictory representations to Plaintiffs with regard to what would be acceptable terms for Plaintiffs' payment of the alleged debt; and

    e.  Defendant further violated Tex. Fin. Code § 392.304(19) when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiffs with impunity despite Defendant being told to stop calling Plaintiffs.

WHEREFORE, Plaintiffs, CORY SMITH and JENNIFER NICOLE SMITH, respectfully request judgment be entered against Defendant, TLRA DEBT RECOVERY, also known as, CHRISTUS HEALTH, also known as, TLRA, also known as, SISTERS OF CHARITY OF THE INCARNATE WORD, also known as, TEXAS-LOUISIANA RECOVERY ASSOCIATION, for the following:

    a.  For damages provided by Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

    b.  For attorneys' fees, costs and disbursements;

    c.  Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

    d.  For any such other and further relief, as well as further costs, expenses and

      e.  disbursements for this action, as this court may deem just and proper.

DATED: July 15, 2021                      RESPECTFULLY SUBMITTED,

                                  By: /s/ Michael S. Agruss
                                      Michael S. Agruss
                                      IL State Bar #: 6281600
                                      Agruss Law Firm, LLC
                                      4809 N. Ravenswood Ave., Suite 419
                                      Chicago, IL 60640
                                      Tel: 312-224-4695
                                      Fax: 312-253-4451
                                      michael@agrusslawfirm.com
                                      Attorneys for Plaintiff